IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PETE ALLEN JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17-CR-97 |
| | ) | 1:20-CV-440 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

In 2017, law enforcement officers found Mr. Jacobs in possession of firearms, and he was convicted of possession of a firearm by a felon. Two years later, after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he moved to vacate his convictions. His arguments based on ignorance of the law lack merit, and his other claims are procedurally defaulted. No basis for excusing the procedural default having been shown, his motion will be denied.

**I.    Facts**

In January 2014, Mr. Jacobs was convicted in North Carolina state court of felony common law robbery, felony breaking and entering, felony larceny of a firearm, and possession of a firearm by a felon. Doc. 21 at ¶ 3.[1] All of these crimes carried a maximum penalty of over a year, *see United States v. Barlow*, 811 F.3d 133, 137 (4th Cir.

---

[1] The Court adopted Mr. Jacobs's final presentence investigation report, Doc. 21, with an amendment not relevant here. Doc. 25 at 1.

2015) (noting the lowest maximum term of imprisonment for a North Carolina felony conviction is 13 months and "all North Carolina felonies now qualify as federal predicate felonies"),[2] and the plea transcript he signed showed the maximum punishment available as significantly higher. Doc. 39 at 8; *see also* n.4 *infra*. The state court consolidated these convictions for sentencing and gave Mr. Jacobs two consecutive sentences of 14 to 26 months; the active sentences were suspended, and he was placed on 30 months of supervised probation. Doc. 21 at ¶ 34; *see also* Doc. 39 at 2, 9, 15.

Three years later, in 2017, Mr. Jacobs was stopped during a stationary license check. Doc. 15 at 1. Officers saw firearms in the car and learned Mr. Jacobs had prior convictions, *id.* at 2; he was charged in a single count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Doc. 1.

Mr. Jacobs pled guilty in this court pursuant to a written plea agreement. Doc. 14. His 2014 convictions and sentences were listed in the presentence investigation report, Doc. 21 at ¶ 34, without objection. *Id.* at 21; Doc. 31 at 3. And Mr. Jacobs never suggested that he was not a felon or was surprised by the charge. *See generally* Docs. 30, 31. The Court sentenced Mr. Jacobs to 60 months in prison. Doc. 24. He did not appeal.

Two years after Mr. Jacobs's sentencing hearing, the Supreme Court decided *Rehaif*, holding that in prosecutions under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant "knew he belonged to the relevant category of

---

[2] Effective December 2011, statutory changes caused the lowest maximum term of imprisonment for a North Carolina felony conviction to become 13 months. *See generally* Justice Reinvestment Act of 2011, 2011 N.C. Sess. Laws 192.

2

persons barred from possessing a firearm." 139 S. Ct. at 2200. Shortly thereafter, Mr. Jacobs sought vacatur of his conviction for possession of a firearm by a felon. Doc. 26; *see also* Doc. 29. Adjudication of his motion was stayed pending resolution of appellate cases likely to have an impact on his motion. Text Order 11/12/2020.

After the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), the Court lifted the stay, Text Order 07/01/2021, appointed counsel for Mr. Jacobs, Text Order 09/01/2021, and set a briefing schedule. *Id.*; Doc. 37. Mr. Jacobs submitted new evidence in his reply brief, and the Court asked the probation office to obtain and file state court records from his 2014 convictions, which the probation office did. Text Order 10/28/2021; Doc. 39; *see also* Doc. 40 (government sur-reply).

## II. *Rehaif & Greer*

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. During Mr. Rehaif's jury trial, the "United States [wa]s not required to prove" that Mr. Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* Mr. Rehaif appealed his conviction, contending that the jury had to find he knew of his relevant status. *Id.* at 2194–95. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts giving rise to the status as a person barred from possessing a firearm. *Id.* at 2200.

Section 922(g) also prohibits possession of a firearm by those "who ha[ve] been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, convicted felons. The issue of knowledge

3

of felon status came before the Supreme Court in *Greer v. United States*, 141 S. Ct. 2090 (2021), where the Court held that a *Rehaif* error is no basis for plain-error relief unless the defendant first sufficiently shows on appeal that he would have presented evidence at trial that he did not know he was a felon. *Id.* at 2100. To establish eligibility for plain-error relief, a defendant must show that the error "affect[s] substantial rights, which generally means that there must be a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (cleaned up). Defendants who pled guilty must show there is a reasonable probability that absent the *Rehaif* error, they would have gone to trial rather than plead guilty. *Id.* at 2097–98.

### III. Discussion

#### A. Ignorance of the Law

Mr. Jacobs makes several arguments based on the proposition that it is an element of the offense that he knew it was illegal for him to possess a firearm.[3] But he cites no case to support this proposition, which is not the law. The Supreme Court in *Rehaif* "did not hold that the Government must also prove the defendant knew his or her status prohibited firearm ownership or possession." *See United States v. Singh*, 979 F.3d 697, 727 (9th Cir. 2020). Such an interpretation is inconsistent with the plain language of the

---

[3] Mr. Jacobs claims that the factual basis supporting his guilty plea was insufficient because the government did not offer his prior court records to show he had been told his felony conviction prohibited him from possessing a firearm and he denies that he knew he couldn't possess a firearm. Doc. 26 at 5, 7. He also contends his indictment was invalid because it did not charge him "with knowing that he could not possess a firearm." Doc. 29 at 2.

4

statute and would raise the scienter requirement in the statute from "knowingly" to willfully. *Id.*; *accord United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020).

Even if that were not so, Mr. Jacobs was convicted in state court of possession of a firearm by a felon in 2012 and was still on probation for that offense when he possessed the firearms at issue here. Doc. 21 at ¶ 34. Any argument that he did not know it was illegal for him to possess a firearm is frivolous.

### B. Failure to Prove Elements of the Offense

Mr. Jacobs contends that the government failed to prove all the elements of the offense to which he pled guilty. Doc. 26 at 7, 15. But Mr. Jacobs did not go to trial, so the government did not have to prove his guilt beyond a reasonable doubt. *See United States v. Mitchell*, 104 F.3d 649, 652 (4th Cir. 1997) (noting that when determining if the evidence of guilt is sufficient as part of accepting a guilty plea, "a district court need not replicate the trial that the parties sought to avoid"); *see also United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008).

To the extent Mr. Jacobs is challenging the factual basis for his guilty plea, his claim is also without merit. The factual basis proffered by the government detailed his prior convictions and his felony sentences, and this was easily sufficient to provide a factual basis as to the *Rehaif* element. *See Ketchum*, 550 F.3d at 366 (the Court has "wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis . . . that the defendant committed all of the elements of the offense") (cleaned up); *see also Greer*, 141 S. Ct. at 2097 (noting that "[i]f a person is a felon, he ordinarily knows he is a felon").

5

### C. Knowing and Voluntary Guilty Plea

Mr. Jacobs attacks the knowing and intelligent nature of his guilty plea, asserting he did not understand all the essential elements of a § 922(g) offense when he pled guilty. Doc. 29 at 2. He did not raise this claim on direct appeal, which he could have done, and a defendant is generally precluded from raising on habeas review the sort of claims that could have been raised on appeal. *See United States v. Linder*, 552 F.3d 391, 396–97 (4th Cir. 2009). As such, Mr. Jacobs's claims should be dismissed for procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

To overcome procedural default, a defendant must establish a "fundamental miscarriage of justice," *see McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013), by showing cause for the default and actual prejudice from the asserted error, or actual innocence. *Bousley*, 523 U.S. at 622. The procedural-default rule serves important interests, including conservation of judicial resources and the finality of judgments, *Massaro v. United States*, 538 U.S. 500, 504 (2003), the latter having particular force for convictions based on guilty pleas. *United States v. Timmreck*, 441 U.S. 780, 784 (1979).

#### 1. Actual Innocence

Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. And the government is permitted to introduce any admissible evidence of the defendant's guilt even if that evidence was not presented during the plea colloquy. *Id.* at 624.

The knowledge of status element required by *Rehaif* is, in the case of felon status, knowledge that the defendant had been "convicted in any court of, a crime punishable by

6

imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mr. Jacobs offers a declaration under oath that he received probation for his predicate felonies and never served a term of imprisonment, Doc. 38-1 at ¶¶ 9–10; that he did not know the prior offenses were felonies, *id.* at ¶ 12; and that he did not know that he was a felon when he possessed the firearm in 2017. *Id.* at ¶ 7. Based on this evidence, he asserts he is actually innocent of the charge.

The presentence report confirms that Mr. Jacobs received probation and did not serve an active period of imprisonment. Doc. 21 at ¶ 34. But he points to no evidence corroborating his assertion that he did not know he had been convicted of a crime punishable by longer than a year in prison, and there is substantial evidence undermining his assertion and showing that he did have such knowledge.

First, Mr. Jacobs was convicted in 2014 of not one felony but four felonies, including possessing a firearm by a felon. *Id.* Second, he signed a guilty plea transcript showing the maximum punishment for all four of those crimes was well over a year, [4] and the sentences actually imposed were well over a year, even if they were suspended. Doc. 39 at 8–9. Third, Mr. Jacobs had been to prison before when probation was revoked, Doc. 21 at ¶¶ 25–26, so he knew probationary sentences could lead to incarceration.

---

[4] Mr. Jacobs was not actually subject to the statutory maximum sentences on the plea transcript since his prior record level was II, not VI. Doc. 39 at 2, 15 (judgments showing prior record level); *see United States v. Simmons*, 649 F.3d 237, 247 n.9 (4th Cir. 2011). But the issue here is his knowledge of the fact that he was facing over a year in prison, not his knowledge of the exact penalty. Here the maximum potential penalty within the presumptive range for his Class H felonies with a prior record level II was 19 months, and for his Class G felonies was 26 months. *See* N.C. Felony Punishment Chart for Offenses Committed after 10/1/13, https://www.nccourts.gov/assets/documents/publications/FelonyChart_1013Max Chart.pdf?JOZLdcExFM1TmlzHLiPcH7dUcMjQ8Ls7.

7

Fourth, Mr. Jacobs was about 26 years old when he was convicted in 2014. *Id.* at 2 (showing birthdate). He was not an immature teenager, and he reports no mental health issues that would cloud his understanding. *Id.* at ¶ 54.

To show actual innocence, a defendant bears the burden of establishing that, in light of all the evidence available, it is more likely than not that no reasonable juror would have convicted him of any charge. *Bousley*, 523 U.S. at 624. In light of the strong evidence that he knew he was a felon, the contrary evidence in his own *post hoc* testimony and the fact he received probation for his prior felonies is insufficient to meet this burden.

### 2. Cause and Actual Prejudice

Mr. Jacobs also does not show actual prejudice stemming from the *Rehaif* error. To demonstrate actual prejudice, the defendant must show the error "worked to his actual and substantial disadvantage" and was of a constitutional dimension. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021). The "actual prejudice" inquiry focuses on "the errors of which [the defendant] complains," *Frady*, 456 U.S. at 168, and whether he can establish "actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

To demonstrate actual prejudice on collateral review of a guilty plea, the defendant must show more than an error during his plea colloquy. *See, e.g.*, *United States v. Cannady*, 283 F.3d 641, 647–48 (4th Cir. 2002). He must "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v.*

8

*Dominguez Benitez*, 542 U.S. 74, 76 (2004). If a defendant does not show actual prejudice, the court need not determine whether he has shown cause. *See Massaro*, 538 U.S. at 504.

Mr. Jacobs claims he did not know he was a felon, Doc. 38-1 at ¶¶ 7, 12, and that if he had been advised of the knowledge-of-status element of felon in possession of a firearm he would not have pled guilty. *Id.* at ¶ 14. He claims he would have presented evidence at trial of his lack of knowledge of his felon status. *Id.* at ¶ 15. But, as discussed *supra*, he has pointed to no evidence to support his uncorroborated testimony, and the government could have easily proven that Mr. Jacobs was aware he had been convicted of a crime punishable by over a year of imprisonment. And had he gone to trial and been convicted, he would have lost the substantial benefit he received under the guidelines and the plea agreement for acceptance of responsibility. Doc. 21 at ¶ 19–20. Mr. Jacobs has not shown a reasonable probability that, but for the error, he would not have entered the guilty plea. *See Dominguez Benitez*, 542 U.S. at 76; *see, e.g.*, *United States v. Heard*, No. 1:13-CR-40-TWT, 2021 WL 4205664, at *1 (N.D. Ga. Sept. 16, 2021) (when evidence to the contrary is overwhelming, a defendant's "mere assertion" he would have gone to trial is insufficient to establish a "reasonable probability" he would have gone to trial).

### D. Ineffective Assistance of Counsel

Mr. Jacobs contends that his lawyer provided ineffective assistance by failing to tell him about each element of felon in possession of a firearm before the guilty plea and

9

by failing to advise an appeal on *Rehaif* grounds. These allegations are not enough to show that counsel's assistance was ineffective.

To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). It is undisputed that Mr. Jacobs's counsel advised him correctly under the law at the time. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020). Failure to offer advice that was unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). Thus, Mr. Jacobs's trial counsel did not provide ineffective assistance by failing to advise Mr. Jacobs of the *Rehaif* element before his guilty plea or by failing to advise him to file an appeal on *Rehaif* grounds.

## IV. Conclusion

Mr. Jacobs has not shown that he is actually innocent or that his guilty plea resulted in a fundamental miscarriage of justice. The motion to vacate will be denied.

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, Doc. 26, and motion for judgment on the pleadings, Doc. 29, are **DENIED**.

This the 17th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE